# NO. 12-22-00105-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TYRONE GLENN,*<br>*APPELLANT* | § | *APPEAL FROM THE 369TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Tyrone Glenn appeals following the revocation of his deferred adjudication community supervision. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with obstruction, aggravated assault with a deadly weapon, and aggravated sexual assault with a deadly weapon. The indictment further alleged that Appellant previously was convicted of the second-degree felony of manufacture/delivery of a controlled substance. Pursuant to a plea agreement with the State, Appellant pleaded "guilty" to the lesser-included offense of aggravated sexual assault. In accord, the trial court deferred finding Appellant "guilty" and placed him on community supervision for ten years.

Subsequently, the State filed a motion to revoke Appellant's community supervision and to adjudicate guilt, alleging that Appellant violated certain terms and conditions thereof. Specifically, the State contended that Appellant violated the terms of his community supervision as follows: (1) on two occasions, he signed an admittance form stating that he had consumed alcohol; (2) on two occasions, he signed an admittance form stating that he used cocaine; (3) he

failed to report to his community supervision officer in May and June 2021; (4) he failed to pay court costs and costs associated with his court appointed attorney and is delinquent in payment toward numerous other fees; (5) he failed timely to perform his 600 hours of community service and is delinquent in that service by 172 hours; (6) he failed to comply with the terms of his "Sanctions Contract;" (7) he failed timely to participate in and successfully complete the "Corrective Actions Class" and pay the associated fees; and (8) he provided deceptive responses in two polygraph examinations.

A hearing was conducted on the State's motion, at which Appellant pleaded "not true" to the violations alleged in the State's motion. In support of its motion, the State elicited testimony from Appellant's community supervision officer, Omar Marroquin. Marroquin testified that Appellant admitted to using cocaine and alcohol, was delinquent in the payment of various fees, did not perform his required community service, did not comply with the terms of his "Sanctions Contract" or complete a "Corrective Actions Class," and provided deceitful responses during two polygraph examinations.

At the conclusion of the hearing, the trial court found that Appellant violated the terms and conditions of his community supervision as alleged in the State's motion. Thereafter, it revoked Appellant's community supervision, adjudicated him "guilty" of aggravated sexual assault, and sentenced him to imprisonment for fifty years. Appellant filed a motion for new trial, which was overruled. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that she diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. She further relates that she is well acquainted with the facts in this case. In compliance with *Anders, Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[1]

---

[1] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of her motion to withdraw as counsel, informed Appellant of his right to file a pro se response,

Thereafter, Appellant filed a pro se brief in which he raised the following issues: (1) during the "punishment phase[,]" he received ineffective assistance of counsel, who failed to advise him that the testimony he gave would be "in mitigation of guilt," and (2) the trial judge exhibited bias by failing to conduct a separate hearing on punishment following the revocation of Appellant's community supervision. We reviewed the record for reversible error and found none. *See **Bledsoe v. State***, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

## CONCLUSION

As required by ***Stafford v. State***, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby ***granted*** and the appeal is ***affirmed***.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered March 8, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

and took concrete measures to facilitate Appellant's review of the appellate record. *See **Kelly v. State***, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 8, 2023**

**NO. 12-22-00105-CR**

**TYRONE GLENN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

_____

Appeal from the 369th District Court

of Cherokee County, Texas (Tr.Ct.No. 21029)

_____

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*